## STATE BOARD OF EDUCATION

v.

## STATE EMPLOYEES APPEALS BOARD and Merrill C. Horne.

Supreme Judicial Court of Maine.

Dec. 1, 1977.

W. G. Buschmann (orally), Asst. Atty. Gen., Dept. of Educational and Cultural Services, Augusta, for plaintiff.

Bennett, Kelly & Zimmerman, P. A. by Peter J. DeTroy, III (orally), John N. Kelly, Portland, for Merrill C. Horne.

Levine, Brody & Levine by Morton A. Brody, Waterville, for Appeals Bd.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

Horne was discharged from his job at Southern Maine Vocational Technical Institute by the State Board of Education. He appealed the decision, following the procedural steps described in 5 M.R.S.A. § 753,[1] finally reaching the State Employees Appeals Board. After a hearing, which was recorded, the Appeals Board ordered Horne reinstated.

The Board of Education then brought an action in Superior Court pursuant to Rule 80B, M.R.Civ.P., for review of the decision of the Appeals Board. The principal basis of the action was a claim by the Board of Education that the Appeals Board went beyond the record in arriving at its decision. The Superior Court ordered the production of the transcript of the hearing before the Appeals Board, but it was never produced.

1. The version of the statute in effect at the time of the proceedings before the State Employees Appeals Board was as set forth in P.L.1967, ch. 539, § 1, as amended by P.L.1970, ch. 550, § 1. At the time of the hearing in Horne's case, subsection 6 of 5 M.R.S.A. § 753 governed the procedures the Appeals Board had to follow in adjudicating cases submitted to it. Similar provisions are now set forth in subsection 5 of 5 M.R.S.A. § 753 (Supp.1973).

The record before us indicates that the transcript of the hearing was inadvertently lost or destroyed. The Superior Court granted a motion by the Board of Education for summary judgment, setting aside the Appeals Board decision on the ground that because there was no transcript in the record the court could not determine the validity of the Board of Education's claim. The case was remanded to the Appeals Board for a new hearing which was to be recorded. Horne and the Appeals Board appeal from that decision.

■ We think appellee's motion for summary judgment should have been denied and the 80B appeal denied. A transcript was not required in this case for resolution of the Board of Education's 80B appeal. The Board of Education alleged that the Appeals Board had considered matter outside the record in reaching its decision. That allegation was based on the following passage in the Appeals Board's memorandum of decision:

"While this Board should not and does not carry over evidence from one case to another, the Board has to make note of its overview of the situation and the atmosphere thereby generated at SMVTI."

It is clear from this passage that the Appeals Board was aware of some situation at S.M.V.T.I. and that the Board's awareness was based on information not included in the record in appellant Horne's case. Since appellee's 80B complaint asserts that the Appeals Board's reference was to matters outside the record, and appellants agree that information about those matters was not in the transcript, the transcript was useless for determination of the 80B appeal. There was no material dispute requiring resort to the transcript. The only issues before us that were raised by the Board of Education in its 80B appeal are whether the Appeals Board improperly considered those matters in reaching its decision and whether such a claim would warrant setting aside the Appeals Board order.

We need not decide the latter question. In *State Board of Education v. Coombs*, Me., 308 A.2d 582 (1973), this Court delineated the scope of judicial review of decisions of the State Employees Appeals Board under Rule 80B. At page 586, we said:

"If the Appeals Board acts constitutionally and within its own jurisdictional framework and if the grievance alleged falls within those grievances reviewable under the act, the decision reached by the Appeals Board is not subject to judicial review and is conclusive."

We do not have to determine whether the allegation that the Appeals Board considered evidence beyond the record constitutes an allegation that the Board went beyond its "jurisdictional framework." Even if such an allegation states a sufficient ground for review under *Coombs*, the record in this case indicates that the Board of Education could not prevail on that issue.

■ In support of its claim, the Board of Education relies on the language quoted above from the Appeals Board's memorandum of decision.[2] That statement says plainly that while the Appeals Board did not carry over evidence from another case in deciding this one the Board had attained certain perspectives as a result of the experience and expertise it is entitled to employ as an administrative agency. *See Jacobsky v. D'Alfonso*, Me., 358 A.2d 511 (1976). The "overview" the Board refers to reflects general background information either acquired by the Board in performing its functions of mediation and investigation under sections 752 and 753 or developed as a product of its hearings in a case or cases related to this one. *See Milo Water Co. v. Inhabitants of Milo*, 136 Me. 228, 7 A.2d 895 (1939). Nothing on the face of the Appeals Board's order or memorandum of decision may be regarded as showing that the Board acted improperly on the basis of facts outside the record.

2. "While this Board should not and does not carry over evidence from one case to another, the Board has to make note of its overview of the situation and the atmosphere thereby generated at SMVTI."

It appears from a pretrial memorandum in this case that the Board of Education proposed to establish its 80B claim by calling individual members of the Board of Appeals to testify before the Superior Court as to the basis for their decision. An inquisition of that sort would not be permissible. To permit reviewing courts to consider such evidence would violate the legislative purpose behind the statutory arrangement for the Appeals Board; namely, to settle state employee grievances "expeditiously, inexpensively, and finally." *State Board of Education v. Coombs*, Me., 308 A.2d 582, 585 (1973). Even if the 80B complaint stated a possible ground for setting aside the Appeals Board order, the record in this case indicates that the Board of Education could not prevail on that claim.

The entry is:

Appeal sustained.

Judgment reversed.

Remanded for entry of judgment denying the Rule 80B appeal.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

DELAHANTY, J., sat at argument and conference but did not otherwise participate.

POMEROY, WERNICK and ARCHIBALD, JJ., and DUFRESNE, A. R. J., concurring.